# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 19, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ROY BRISTOW, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-457V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees |
| AND HUMAN SERVICES, | * | and Costs; Prior Counsel. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Michael A. Baseluos,* Baseluos Law Firm, PLLC, San Antonio, TX, for petitioner.
*Kyle E. Pozza,* U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 2, 2021, Roy Bristow ("petitioner") filed a motion for interim attorneys' fees and costs. **I hereby GRANT the motion and find that a reasonable award for interim attorneys' fees and costs is $43,675.68.**

### I.    Procedural History

On March 28, 2019, petitioner, represented by Anne C. Toale of the law firm Maglio, Christopher & Toale, initiated his claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that he suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of an influenza ("flu") vaccination which he

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

received on October 16, 2017.  *Id.*

The petition was initially assigned to the Chief Special Master's Special Processing Unit ("SPU") docket.  On May 5, 2020, respondent filed his report pursuant to Vaccine Rule 4(c), in which respondent averred that the claim was not appropriate for compensation under the terms of the Vaccine Act.  Resp. Report (ECF No. 21) at 1.  More specifically, respondent averred that the Vaccine Injury Table does not list CIDP after the flu vaccination (within any time period) and that petitioner has not submitted preponderant evidence that the flu vaccination was the cause in fact of his injury (either the initial onset or significant aggravation thereof).  *Id.* at 1, 10-15.  Respondent also averred that certain features of petitioner's presentation are not consistent with a diagnosis of CIDP and are instead more consistent with injury to the spinal cord.  *Id.* at 13.

On July 8, 2020, a status conference was held to discuss the Rule 4(c) report.  Scheduling Order (ECF No. 24).  Respondent's counsel Mr. Kyle Pozza proposed that petitioner obtain an expert report.  *Id.*  Petitioner's counsel Ms. Toale agreed.  *Id.*  Following the status conference, the Chief Special Master determined that the claim should be transferred out of the SPU.  *Id.*  On July 10, 2020, the claim was randomly assigned to my docket.  Notice of Reassignment (ECF No. 26).  I ordered petitioner to file an expert report addressing the issues raised in the Rule 4(c) report within 60 days, by September 11, 2020.  Scheduling Order filed July 13, 2020 (Non-PDF).  On September 11, 2020, petitioner advised that he was seeking new counsel.  Petitioner's Motion (ECF No. 28).  Eventually on January 19, 2021, Mr. Michael Baseluos filed a motion to substitute as petitioner's attorney, which was granted.  Pet. Mot. (ECF No. 34).  Mr. Baseluous has since filed additional evidence, *see* ECF Nos. 35-37.

On March 2, 2021, petitioner filed the instant motion for interim attorneys' fees and costs.  Pet. Interim Fees Motion ("Pet. Int. App.") (ECF No. 39).  The motion requests that petitioner's former counsel Ms. Toale be awarded $36,760.80 in attorneys' fees and $6,914.88 in attorneys' costs.  *Id.* at 1.  Respondent did not file a response to the motion by the deadline automatically calendared and reflected on the docket, which was March 16, 2021.  On March 17, 2021, during a status conference to set further proceedings in the case, I was inclined to grant reasonable interim fees and respondent did not raise any objection.  Thus, this matter is ripe for adjudication.

**II.     Entitlement to Attorneys' Fees and Costs**

**A. Legal Standard**

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).  In light of the lack of specific objections from respondent and my

full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B. Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

In this case, Ms. Toale accepted representation of petitioner in October 2018, gathered the supporting documentation, and filed the petition in March 2019. Upon withdrawing her representation in January 2021, she had billed over $30,000.00 in attorneys' fees. While she incurred less than $15,000 in expert costs, she paid two different experts for their preliminary consultation on the claim. Additionally, from the perspective of this attorney and this law firm, the instant motion is not "interim" because they have withdrawn from the claim. I find it appropriate to close out Ms. Toale's involvement in the case before proceeding with petitioner's new counsel. *See also Blaise v. Se'cy of Health & Human Servs.*, No. 19-670V, 2021 WL 851086, at *3 (reasoning that interim fees and costs should be awarded "'as quickly as circumstances permit,' when counsel withdraws from a case that remains active"); *Pickens Moriarty v. Sec'y of Health & Human Servs.*, No. 18-1107V, 2020 WL 6111670 at *2 (Fed. Cl. Spec. Mstr. Sept. 21, 2020) (granting interim attorneys' fees and costs "prompted by a change of counsel").

### III.  Reasonable Attorneys' Fees and Costs

### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that

only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson*, 24 Cl. Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484, n. 1.  Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

**B.  Hourly Rate**

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the *McCulloch* rates.  The Attorneys Forum Hourly Rate Fee Schedules for 2018-2021 are provided online.[3]

Here, Ms. Toale requests hourly rates of $420.00 for work performed in 2019 and $445.00 in 2020.  Pet. Int. Fee App. – Attachment 1 at 22.  These rates have been consistently approved and I agree that they are appropriate here.  *See, e.g.*, *Moriarty v. Sec'y of Health & Human Servs.*, No. 19-523V, 2021 WL 850800 at \*2 (Fed. Cl. Spec. Mstr. Jan. 29, 2021); *Jones v. Sec'y of Health & Human Servs.*, No. 19-984V, 2020 WL 8509726, at \*2 (Fed. Cl. Spec. Mstr. Dec. 23, 2020); *Todd v. Sec'y of Health & Human Servs.*, No. 15-860V, 2020 WL 5820959, at \*3 (Fed. Cl. Spec. Mstr. Aug. 31, 2020).  Ms. Toale requests an increased hourly rate of $475.00 for work performed in 2021.  Pet. Int. Fee App. – Attachment 1 at 22.  As Ms. Toale correctly predicts in her affidavit, this rate is within the permissible range for an attorney with her experience category (between 20 – 30 years of experience in practice), on the recently published OSM Attorneys' Forum Hourly Rate Fee Schedule for 2021.  It also represents a reasonable increase to keep pace with her additional year of experience and some degree of inflation. Accordingly, this rate is approved.

---

[3] U.S. Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at https://www.uscfc.uscourts.gov/node/2914.

### C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Upon review of the invoice submitted with the petitioners' interim fee application, and my knowledge of the proceedings in the case to date, the number of hours expended appear to be reasonable and adequately documented. *See* Pet. Ex. 15. **Accordingly, petitioner is awarded $36,760.80 in attorneys' fees.**

### D. Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. Here, petitioner requests that Ms. Toale's firm be reimbursed for the costs of obtaining his medical records, filing the petition, postage, and consulting with two experts after respondent filed the Rule 4(c) report, in which he opposed compensation and raised certain issues. These costs are reasonable and adequately documented. **Accordingly, petitioner is awarded $6,914.88 in attorneys' costs.**

### IV. Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is **GRANTED.** Accordingly, I award the following:

1) **A lump sum in the amount of $43,675.68, representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioner and her former attorneys, Maglio Christopher & Toale, PA.**

Petitioner requests that the check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).